No. 2258.—JOSEPH CHRISTEN *v.* NICHOLAS KEIFFER.

Where the plaintiff and defendant both testify in the case, and that given by the one contradicts that of the other, judgment will be given in favor of the party having the preponderance of evidence, without reference to the testimony of the parties to the suit.

APPEAL from the Fourth District Court, parish of Orleans. *Théard, J. E. Howard McCaleb,* for plaintiff and appellee. *B. R. Forman,* for defendant and appellant.

WYLY, J. The plaintiff sues the defendant to recover a sum of money which he alleges he was compelled to pay as surety for the rent of a certain beer saloon and boarding house on Hospital street. That although in the notarial act of lease, Mrs. Richard Zorn appears as lessee, and the petitioner as her surety, in truth and in fact he signed it as the surety of the defendant, Nicholas Keiffer, who was the owner of the contents of said leased premises, and the proprietor of said saloon and boarding house. That he signed said contract at the request of, and for the said Nicholas Keiffer, who represented to him that he was the proprietor and lessee, and that the contract was made and the business carried on in the name of the said Mrs. Zorn, merely for convenience, and for the custom thereby to be drawn, and that he would pay the rent for petitioner's protection. That it was for the direct use and benefit of said Keiffer, that the plaintiff became surety for said rent, which he has been compelled to pay; and that the said Keiffer has repeatedly acknowledged his direct indebtedness to him and has promised to pay and indemnify him therefor, but has failed to do so. The answer is a general denial.

The court gave judgment for the plaintiff, and the defendant appeals. Our attention is directed to a bill of exceptions taken by the defendant, which we deem it unnecessary to consider, as the proof fails to sustain the demand of the plaintiff. The testimony of the plaintiff is contradicted by that of the defendant, both having testified in the case. The other evidence preponderates in favor of the defendant.

It is therefore ordered that the judgment appealed from be annulled, and that there be judgment for the defendant, plaintiff paying costs of both courts.